By the Court.

The facts disclosed by the person summoned as trustee in this case do not furnish a pretence for charging him. He is the owner of a tract of land, on which he had permitted the principal, his son, to build a dwelling-house for the son’s convenience and accommodation, under an expectation that the land on which the house was built, would by devise come to the son, at the death of the father. There was no contract, express or jmplied, that the father should own the house, or in any event be accountable to the son for the value of it. By the strict operation of the law, it is true that the father, having the property of the land, might disturb the son in the possession of the house, and, indeed, remove him from it. But it is not to be presumed that he would have taken this advan *451 toge of his son; and he ought not to be made the owner of the house against his consent, by compelling him to pay the expense of building it.
The property of the house is personal property of the son, he having no estate in the land ; and the most that can be made of the consent of the father to build upon his land, is a right to occupy the land without rent; and perhaps a right in the son, or persons claiming under him by purchase or execution, to enter and remove the buildings, without being subject to any other than nominal damages in an action of trespass.

The supposed trustee must be discharged.

The principal debtors having suffered a default in the Common Pleas, Merrick, who had been of counsel for them, moved the Court for a direction to the clerk not to tax any costs for the plaintiffs posterior to the default.

By the Court.

The plaintiffs are entitled to their costs to the time of final judgment. The appeal of either of the parties sets the cause afloat. It was necessary to the plaintiffs to attend to the action until its final decision ; and it is reasonable that they should be allowed their costs so long as they were obliged to attend.