## Stillman *et al. v.* Hamer.

Whatever is annexed to the freehold becomes a part of it.

When the owner of the soil gives his consent to the erection of a building, the same may be removed.

If one erect buildings upon the land of another, without any contract, he cannot remove them.

IN ERROR from the circuit court of the county of Yazoo.

MILES, CORWINE, and WM. YERGER, for plaintiff in error.

G. S. & J. S. YERGER, contra.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of trover, brought by the plaintiffs in error against the defendant, to recover the value of a house which had been moved from one lot in Yazoo city to another. The defendant, Hamer, originally owned a number of lots in that place jointly with one Caldwell, who in November, 1832, conveyed his undivided interest to William L. Richards, and the plaintiffs are the heirs at law of Richards. In the year 1834, the plaintiffs, as the heirs at law of Richards, obtained an order for the partition of the lots thus owned between them and Hamer, in the chancery court; and from the recitals contained in a deed which was read in evidence, it appears that a division was made, and that a decree of the court was rendered at its May term, 1835, appointing a commissioner to make conveyances to the parties entitled. From the recitals in the same deed it appears that a conveyance was executed by the commissioner on the 6th of May, 1835, which was never recorded, and which was lost, and that the commissioner, without any new appointment, so far as appears from the record,

36*

executed another conveyance on the 27th of July, 1839, which was recorded two days afterwards.

The defendant, Hamer, sold lot No. 77, which in the partition fell to the plaintiffs, to a man named Garr, at what precise time does not appear, but it was probably in 1836 or '37. Garr entered upon the lot, and erected a dwelling house worth some twenty-five hundred dollars, and made it his residence. It was a frame building resting upon wooden blocks or pillars, not otherwise attached to the soil, except by the chimney, which was of brick, and the foundation of which extended some inches under the surface. A writ of forcible entry and detainer was brought by the plaintiffs against Garr in August, 1839, which was decided in their favor, and about the time of its determination the buildings were removed from the lot by the directions of Hamer, and with the consent of Garr.

This action was then brought, and a verdict was rendered for the defendant. The plaintiffs in error contend that the house thus erected became a part of the freehold; in other words, became a fixture to the soil which belonged to it, and could not rightfully be severed from it.

The term fixtures is applied to "articles of a personal nature which have been affixed to land." Ferard's Law of Fixtures, p. 1. It is a maxim of the law of great antiquity, that whatever is fixed to the land is thereby made a part of the realty to which it adheres, becomes parcel of the freehold, and partakes of all its incidents and properties. *Ib.* 9. This is the general rule, but many exceptions and qualifications have been engrafted upon it, from a concern for the interests of trade and manufactures, for the convenience and comforts of tenants, and from the varying exigencies of society. The greatest relaxation of the rule is admitted in the case of landlord and tenant, in favor of the latter, and tenant for life and remainder man, in favor of the former. It is applied with the greatest strictness between the heir and executor, and vendor and vendee. In England we find every grade and variety of decision, from Lushington *v.* Shewell, 1 Sim. 435, which decides that the devise of a West India estate would pass the stock of slaves, cattle and implements, as incidental to the freehold, and essential to its enjoyment,—to those cases which

Stillman *et al. v.* Hamer.

hold that any building upon blocks, rollers, stilts or pillars, may be removed as not parcel of the freehold. 2 East, 88; 1 Taunt. 20; 3 East, 55; Ferard, 281. The cases were collected and commented on, and a very liberal extension of the general rule allowed in Walker *v.* Sherman, 20 Wendell, 636; and again in Vanness *v.* Packard, 2 Peters, 137. In this last case it was permitted to a tenant to remove a two story building which he had erected upon the premises for the residence of his family, as it was built for the more beneficial exercise of his trade, and for greater accommodation in that particular.

It is useless to enter upon a critical examination of the cases upon this subject, because they relate to controversies between persons standing in a different attitude from those before the court in this instance. The modifications of the rule seem to have been admitted from time to time, from the force and pressure of peculiar circumstances.

It is insisted that this is a case of intrusion upon the freehold of another without authority, and that in this particular it differs essentially from those in which one builds upon the land of another by his parol license. In such case as the last, the builder may remove his erections at pleasure. Osgood *v.* Howard, 6 Greenl. 404; Russell *v.* Richards, 1 Fair. 429; 4 Mass. 514. These cases concede the general principle, that whatever is annexed to the freehold becomes part of it; but they decide that the rule cannot apply when the owner of the soil has given his consent to the building. The inherent good sense upon which they rest commends them at once to the approbation of every mind.

The legal effect of the annexing of a personal chattel to the freehold by a stranger, without consent, is thus stated by an old writer: "Property may accrue from the fraud and folly of another; as where persons with an evil intent, or through ignorance, build with their own timber on another's soil. In such case, what is built shall be the owner's of the soil, upon presumption that they were given to him. But if any one perceives his folly, he may lawfully remove his timber, so as he does it before our writ of prohibition comes against him, and before the timber is fastened with nails." Britton, chap. 33, as quoted in Ferard, p. 241, n. It is decided in Massachusetts that if one erects buildings on the land

Stillman *et al. v.* Hamer.

of another, without any contract, he may not remove them. Washburn *v.* Sproat, 16 Mass. 449. This is unquestionably the general rule of law, and it comprehends the case before us.

We have been referred to the case of Wickliffe *v.* Clay, 1 Dana, 591. So much of the opinion of the court, as relates to our present object of inquiry, is in these words: "There is no reason to doubt that Lytle, under whom Clay claimed, took possession of the lot, not as a wilful trespasser, but in good faith, not knowing or apprehending any other title, and that while thus possessed he erected the stable in equal good faith; and therefore he or any other person claiming under him, had a perfect right, according to the doctrines of the civil law, altogether consistent in this respect with the principles of the common law, to remove the stable without doing any injury to the lot itself, whilst he was in possession; and consequently by such a removal no liability was incurred to the true owners of the lot." We cannot concur in the opinion of that learned court in its view of the common law upon this point, as we have already stated our belief of the true rule. But this was a case in chancery; and it would be for a court of chancery here, upon proper application, to decide whether there are any equitable circumstances in this cause, either upon the ground of mistake, want of notice upon the part of Garr of the rights of the plaintiffs, or from other cause, which would justify its interposition.

A new trial will be granted in this case, because the law seems not to have been correctly interpreted in the court below; but in such trial it may be worthy of inquiry whether Quackenboss, the commissioner, had any power, as commissioner, to convey at the date of his deed, or whether his functions had not previously ceased.

Judgment reversed, and new trial granted.