## JOSEPH G. BREARLEY v. JOHN C. COX.

1. It is no cause of demurrer to a declaration in replevin that it is brought for " a barn, shingle mill, office, and shed;" for although these things may be, and ordinarily are, fixtures and part of the realty, yet they *may be* personal property, and whether they are or are not, is matter of evidence.

2. Things that are ordinarily fixtures, and are attached to the realty, may under circumstances, as by agreement between landlord and tenant, be personal property, and subject to the law and remedies peculiar to personal property.

This was a demurrer to a declaration in replevin, which complained of the taking of " a barn, shingle mill, office, and shed." The question raised was, whether these were personal property, for which replevin would lie.

Argued before the CHIEF JUSTICE and Justices OGDEN and POTTS. Mr. *Dayton* and Mr. *Dudley*, in support of demurrer; Mr. *E. W. Scudder*, contra.

*Dudley*, for demurrer.

Defendant may demur to part of the declaration and plead to part. 1 *Chit. Pl.* 576–7; 7 *Halst.* 76; 1 *Man. & Gr* 201; 5 *Black.* 293; 5 *B. & Ald.* 712; 11 *Johns.* 16–22, *Thomson* v. *Hartwell*.

By common law, replevin lies only for goods and chattels. *Gill. on Repl.* 58; *Bull. N. P.* 53; 1 *Chit. Pl.* 163; 5 *Jac. Law Dict.*, *Replevin*, 467; 4 *Ld. R.* 504, *Niblet* v. *Smith*.

*Scudder*, contra.

The declaration avers that these articles are goods and chattels, and it is good if they *may in any case* be goods and chattels. The declaration cannot set forth the facts and reasons why these articles, which often are fixtures, are here goods and chattels. *Stephen on Pleading* 347; 1 *Chit. Pl.* 258 and 573.

That these articles may be movable chattels, is held in many cases. 1 *Hill* 176, *Smith* v. *Benson ;* 4 *Mass.* 516, *Wells* v. *Bannister ;* 2 *Kent's Com.* 342 and 347; 4 *T. R.* 504, *Niblet* v. *Smith ;* 18 *Maine Rep.* 12, *Tapley* v. *Smith ;*

1 *Fairfield* 429, *Russell* v. *Richards;* 6 *Greenl.* 452, *Osgood* v. *Howard;* 5 *M. & W.* 175, *Sheen* v. *Rickey.*

*Dayton,* for demurrer.

The cases cited are of trover, and between the parties to contracts by which fixtures were made chattels. Will replevin lie where trover lies? 2 *Watts* 126, *Powell* v. *Smith; Morris on Replevin* 57; 3 *Bouvier's Law Dict.* 449, *Replevin;* 3 *U. S. Dig.* 338, § 84, (2 *McCord* 329); 3 *Thomas Coke* 365; 1 *Mann. & Gr.* 578; 2 *Rawle* 427, *Snyder* v. *Vaux;* 72 *Eng. C. L. R., Wiltshear* v. *Cottrell*; 31 *Ib.* 217, *Wansbrough* v. *Maton.*

POTTS, J. The demurrer in this case brings up the single question, whether a saw mill, steam engine with fixtures, a barn, shingle mill, office, and shed can, under any circumstances, be the subject of an action of replevin.

The declaration is for taking these and other things, describing them as goods and chattels; and the demurrer shows, for cause, that these are not personal chattels.

For the demurrer, it is insisted that the name by which these things are called in the declaration fixes their character; that, in the very nature of things, mills, barns, offices, sheds, &c., are fixtures, and a part of the realty; and so, undoubtedly, they are ordinarily understood to be.

But, on the other hand, it is contended, for the plaintiff, that they may or may not be fixtures, according to circumstances; that whether they are or not is a matter of evidence; and that it is not necessary in pleading to state that which is mere matter of evidence. This is so. *Stephens on Pl.* 342. And if, as is alleged at the bar by the plaintiff's counsel, this is a contest between *creditors* for the possession of the property of a *tenant,* who placed these buildings on leased land under an express agreement with the landlord that they were not to be considered as fixtures, but that they might be removed at will; that they have been so constructed as to be movable, and that there is no question made by the landlord about their being the *personal property of the tenant,* then I do not see

Brearley v. Cox.

why we should not say, notwithstanding the names by which the things are called, that they are personal chattels, and liable to be dealt with as such.

If the case is, as the plaintiff's counsel stated it, then both parties here are proceeding upon the assumption that the property is personal, and are both claiming it as such; and the authorities cited for the plaintiff certainly show that property of this description, so circumstanced, has repeatedly been held to be of the nature of personalty. 2 *Kent's Com.* 342, 347; *Smith* v. *Benson*, 1 *Hill's R.* 176; *Wells* v. *Bannister*, 4 *Mass. R.* 514; *Tapley* v. *Smith*, 18 *Maine R.* 12; *Russel* v. *Richards*, 1 *Fairfield's R.* 429; *Osgood* v. *Howard*, 6 *Greenl. R.* 452; *Niblet* v. *Smith*, 4 *Term R.* 504.

In a recent case in Ohio, the Supreme Court held that the true criterion of a fixture is the united application of the following requisites : 1, actual annexation to the realty, or something appurtenant thereto ; 2, application to the use or purpose to which that part of the realty with which it is connected is appropriated ; 3, the *intention* of the party making the annexation to make a permanent accession to the freehold. *Teaffe* v. *Hewitt, Am. Law Reg., Oct.* 1853.

Where these concur there can be no doubt the erection is a fixture. But it has been repeatedly held that a thing attached to land may be a fixture or a chattel personal, according to the *agreement* of the parties in relation to it. *Naylor* v. *Collings*, 1 *Taunton* 19 ; *Penry* v. *Brown*, 2 *Starkie* 403 ; *Mansfield* v. *Blackburn*, 6 *Bingham N. C.* 426. And I can conceive of no reasonable objection to this rule. Why may not a landlord and tenant agree that the latter may place any structure on the premises which he sees fit, and remove it at pleasure ? If they agree it shall be the personal property of the tenant, will the court say, in the face of the agreement, it shall not be so, because it is a house, or a barn, or a saw mill ?

Various erections placed by tenants on leasehold property have been held to be mere personal chattels in England. In *Rex* v. *Otley*, 1 *Barn. & Adolphus* 161, and in *Rex* v. *Londonthorpe*, 6 *Term R.* 377, it was held that a wind mill, resting by mere weight on a foundation of brick, was a per-

sonal chattel. .In *Culling* v. *Tuffnal, Bull. N. P.* 34, it was decided that a barn erected on pattens and blocks of wood was a chattel, and might be removed. In *Wansbrough* v. *Maton,* 31 *Eng. C. L. R.* 217, it was held that a tenant, at the expiration of his term, might remove a barn which he had erected on a foundation of brick and stone, or might bring trover for it. And in *Willshear* v. *Cottrell,* 72 *Eng. C. L. R.* 687, it is said that a granary, laid on a wooden foundation, and which might be lifted from it and removed, was a mere chattel.

In *Whiting* v. *Brastow,* 4 *Pick.* 311, the court said, "There seems to be no doubt that, according to the later decisions in England, and several cases in our own books, a tenant for life, years, or at will, may, at the expiration of his estate, remove from the freehold all such improvements as were erected or placed there by him, the removal of which will not injure the premises or put them in a worse plight than they were in when he took possession." And to the same effect is the language of the court in *Teaffe* v. *Hewett,* already referred to.

True, if the erection is of the character which the law usually denominates a fixture, and the question is between the tenant who erected it and the landlord, the *onus,* I take it, would be upon the *tenant,* to show the agreement between him and his landlord that it was *not* to be considered as a fixture. But no such state of facts appear upon the pleadings here.

I think, upon the naked legal question presented by this demurrer, the case is with the plaintiff.

The CHIEF JUSTICE and OGDEN, J., concurred.

Demurrer overruled.

CITED in *Van Keuren* v. *Cent. R. R. Co.,* 9 *Vr.* 166; *Potts* v. *N. J. Arms & Ordnance Co.,* 2 *C. E. Gr.* 404; *Rogers* v. *Brokaw,* 10 *C. E. Gr.* 499; *Blancke* v. *Rogers,* 11 *C. E. Gr.* 566.