JONATHAN BELDING *vs.* JOSEPH CUSHING.

A workman performing labor on a building, under a contract with one, who is employed by the owner of the building, but who is not the owner of the land, and has not contracted with such owner for erecting, altering or repairing the building or for the purchase of the land, has no lien, either on the land or on the building, to secure the payment of his wages, by virtue of *St.* 1851, *c.* 343.

IN a petition to the court of common pleas for this county, filed in the clerk's office on the 6th of April 1853, "Jonathan

Belding, of Fitchburg in said county, respectfully represents that he made a contract with Benjamin F. Wheeler, of Fitchburg aforesaid, carpenter, for the performance of certain labor in the erection of a building situated in said Fitchburg, in the old city, so called, and known as the Foundry Building, owned by Joseph Cushing, of said Fitchburg, yeoman, and situated upon land of the Fitchburg Railroad Company; and by the terms of said contract, the said Wheeler was to pay eight shillings per day to the said Belding; and that, in accordance with said contract, previous to the first day of February, he performed twenty nine and three fourths days labor on said building, amounting in the whole to the sum of thirty eight dollars and twenty cents; and for which amount the said Belding claims a lien upon the property above described. Wherefore he prays that this court will issue an order for the sale of the property subject to the lien, (a certificate thereof having been duly filed and recorded in the Worcester registry of deeds,) and the proceeds thereof applied to the payment of the demand aforesaid, and the costs of the proceedings in the premises, in accordance with the statutes of this commonwealth in his behalf provided."

The case was submitted to the court upon a statement of facts, wherein the contract and the ownership of the building and land were admitted, as set forth in the petition; and it was agreed that the labor was performed on said building, commencing on the 6th of December 1852, and ending on the 29th of January 1853; and that the petitioner's certificate of lien was filed and recorded in the registry of deeds on the 29th of March 1853.

*A. Norcross & C. H. B. Snow*, for the petitioner.

*N. Wood*, for the respondent.

MERRICK, J. The petitioner claims to have a lien, upon the property described in the petition, to secure the payment of money due to him for his labor performed upon it under a special contract made with Wheeler, who may be taken to have contracted with the respondent to erect the building in question, though this fact is not distinctly alleged. The building, in the erection of which the labor is alleged to have been performed,

stands upon land of the Fitchburg Railroad Company, but it is not, and was never owned by them. It belongs, as the parties all agree, wholly to the respondent. It is therefore personal property, and must be dealt with as such, and treated accordingly. *Wells* v. *Banister,* 4 Mass. 514.

It does not appear very distinctly, from the allegations in the petition, whether it was the intention of the petitioner to prosecute it in order to enforce a lien supposed to exist upon the building and lot of land on which it stands, or upon the building alone. But this is not very material; because we are satisfied that no incumbrance of that kind is shown to have been created upon either the one or the other, and therefore that, whatever was his object, the petition cannot be maintained. Several statutes have been at different times enacted to secure to mechanics and laborers payment for their labor, by a lien upon the property upon which they have rendered personal service. Rev. Sts. c. 117. *Sts.* 1851, *c.* 343; 1852, *c.* 307. And under the provisions of these statutes a lien upon real estate arises, or is established, in behalf of a laborer, only when his work upon it has been performed under a contract made with the owner, or with some other person authorized to make it, or who has himself contracted with the owner to erect or repair a building on the land, or to purchase it for the purpose of placing a building or other structure upon it. *Metcalf* v. *Hunnewell, ante,* 297. Wheeler, with whom the contract of the petitioner was made, stood in no such relation to the owner of the real estate. 'He had no authority whatever from the Fitchburg Railroad Company to enter into any such stipulations as he did with the petitioner; and he had neither contracted with them to erect or repair any building upon their land, or to become, upon any terms, its owner or purchaser. He had, in fact, no authority whatever from that company, and no contract of any kind subsisted or had ever been made between him and them. He could therefore do nothing to make their estate chargeable for the payment of a debt which they never incurred, or subject it in any way to an incumbrance which should stand as security for liabilities of his own.

Nor is any lien shown to exist in favor of the petitioner upon the building alone, considered simply as personal property. Such a claim is not set up under or by reason of the possession of the building, for he had no possession of it; but only under and by force of the provisions of the statutes already referred to. But they were obviously not enacted for the purpose of giving creditors any new or enlarged rights in reference to the personal property of a debtor, or to subject it to any peculiar charge in their behalf. All the statutes on the subject purport to be acts to secure to laborers the payment of what may be due to them for labor, by a lien on real estate. Their lien is to be " on the whole piece of land; " Rev. Sts. *c.* 117, § 1; " upon the building and the lot of land upon which it stands;" *Sts.* 1851, *c.* 343; 1852, *c.* 307; not upon one, but upon both. They are not mentioned separately, but both together. And therefore the lien is to be upon what both together constitute, which is the real estate. There is nothing, in either of these two last mentioned acts, which indicates any design to alter or change the law, or to make any new provisions concerning personal property. They relate, on the contrary, wholly to land, and to buildings upon it, which constitute a part of the real estate. The certificate, which the claimant must make, is to be filed " in the office of the registry of deeds for the county where the land lies," and it must contain a true account of the demand " which is to be a lien upon such land and buildings." *St.* 1851, *c.* 343, § 2. The petition to enforce it must be commenced and prosecuted in " the court of common pleas for the county where the land lies." § 4. And the course of proceeding is to be according to the provisions contained in *c.* 117 of the Rev. Sts. in reference to the lien therein and thereby authorized and allowed. And all these provisions have reference, in express terms, to real estate, and were plainly adapted to the management and disposal of that species of property only. They all have an obvious reference to the sale, conveyance and redemption of land, and not to chattels or chattel interests. These various considerations seem clearly to evince, that it was the intention of the legislature to provide the means for imposing,

in behalf of laborers and mechanics, a lien upon real estate only, and not upon personal property, upon which they may have bestowed labor and personal service. The language of the statutes expresses that purpose distinctly, and, fairly considered, it can admit of no interpretation which will lead to a different result.

As no lien has been shown, in the present case, to have been created upon the real, and as none can be created, under the statutes, upon the personal estate, described in the petition, the petitioner can take nothing by it. *Petition dismissed.*