## MILLER *v.* TOBIE.

One who enters upon land of another with his consent, under a parol agreement to purchase, and makes improvements thereon, solely upon the expectation of acquiring the title, cannot recover of the owner the expense of such improvements, if the owner merely refuses to execute the parol agreement, but does not turn the other out of possession or deprive him of the benefit of his improvements.

ASSUMPSIT on an account annexed, for the balance due for certain labor and services done upon the plaintiff's land, after deducting certain credits for the produce of the land.

The plaintiff's evidence tended to prove that a verbal agreement was made between the defendant and one Stevenson, father-in-law of the plaintiff, to exchange Stevenson's land in Tamworth, for the defendant's ten acre lot in Manchester, Stevenson making the bargain for the accommodation of the plaintiff. Stevenson sent to the plaintiff a deed of his land in Tamworth, to be delivered to the defendant in exchange for his deed of his Manchester lot. The plaintiff presented and read to the defendant the deed of the Tamworth land, and inquired of him if he was ready to conclude the bargain. The defendant replied, "It is all right. I have concluded to close the trade, but I am engaged in moving ; you send the deed up to Stevenson, and I'll finish the deeds at Tamworth." The plaintiff suggested that it would make a difference, in this, that he wished if the trade was finished to go to work on the Manchester lot, and the defendant said to him, "That will make no difference ; you go on and occupy the lot all the same as if the deeds were completed."

Immediately after, the plaintiff entered on the Manchester lot, and performed the services for which he claims compensation, doing much more than he would have done as a mere tenant. Against the charges for

these services he credits the whole income derived from the part of the land which he so occupied and improved. The rest of the lot, being pasture, the defendant, by an agent, let to the plaintiff for the season, after he had determined not to execute a deed of the land to Stevenson. This was after the plaintiff had done all the work for which he claims payment, except the harvesting of the crop in the latter part of summer.

Upon these facts the court instructed the jury, that if they found that there was a verbal contract, fairly concluded between Stephenson and the defendant for the exchange of their lands, and the defendant thereupon told the plaintiff to go on and occupy the lot as if the deeds were finished and delivered, they might take the law for the purposes of this case to be, that the plaintiff could maintain this action for any work on the land he should show actually performed, deducting the income realized from the land. The defendant excepted to these instructions, and moved to set aside the verdict which was found for the plaintiff.

*Wheeler & Hall*, for the defendant.

*Emerson*, and *Whipple*, for the plaintiff.

Doe, J. It does not appear that the defendant has turned the plaintiff out of possession, notified him to quit, or in any way excluded him from the full enjoyment of his labor and improvements. If the plaintiff is still enjoying them, or may enjoy them, he should not be paid for them, and if he has voluntarily abandoned them he must be deemed to have waived all claim to compensation. *Gillet* v. *Maynard*, 5 Johns. 85; *Farnum* v. *Davis*, 32 N. H. 302; *Wells* v. *Bannister*, 4 Mass. 514; *Kemble* v. *Dresser*, 1 Met. 271; *Davies* v. *Davies*, 9 C. & P. 87.

It has been held in this State that where a license like

that which the plaintiff had to enter upon the defendant's land becomes executed by an expenditure incurred, it is either irrevocable, or cannot be revoked without remuneration, on the ground that a revocation under such circumstances is fraudulent and unconscionable. *Sampson* v. *Burnside,* 13 N. H. 264; *Harris* v. *Gillingham,* 6 N. H. 9; *Putney* v. *Day,* 6 N. H. 430; *Woodbury* v. *Parshley,* 7 N. H. 237; *Ameriscoggin Bridge* v. *Bragg,* 11 N. H. 102; *Carlton* v. *Redington,* 21 N. H. 291.

But, if such is the law, and assumpsit might lie after revocation, it cannot be maintained in this case because the defendant has not appropriated the improvements or converted them to his own use under such circumstances or in such a manner as to raise an implied promise to pay for them, nor deprived the plaintiff of the benefit of them. *Dame* v. *Dame,* 38 N. H. 429.

*Verdict set aside, and a new trial granted.*