GEORGE CURTIS *vs.* RICHARD RIDDLE.

A house built upon the land of another, with his consent, is personal property. But if the owner of the house sells it to the owner of the land, it thereby becomes a part of the realty. And although such sale is made with fraudulent intent, yet a subsequent mortgage of the land by the owner, to an innocent third person, with covenants of warranty, will prevent a creditor of the fraudulent vendor from establishing a title to the house, as personal property, by an intervening attachment and a subsequent levy and sale upon execution, so as to enable him, after purchasing it at the sheriff's sale, to maintain an action of tort against the fraudulent vendee for the conversion of it.

TORT for the conversion of a dwelling-house standing on land of the defendant in Roxbury.

At the trial in the superior court, before *Russell*, J., it appeared that William Connor built the house upon the land of the defendant, with the consent of the latter; that Aaron D. Williams, who already held a mortgage of the land from the defendant, " agreed with Connor to advance money, and also to assist in erecting the house, and take another mortgage to secure what he should so advance; " that accordingly on the 25th of May 1860 the defendant executed to Williams the second mortgage of the land, with covenants of warranty, and without special mention of any buildings thereon; that on the 31st of December 1859 Connor executed a bill of sale of the house to the defendant, which was recorded three days afterwards in the office of the city clerk of Roxbury; that on the 19th of January 1860 the plaintiff commenced an action against Connor, attached the house, obtained judgment in January 1861, and levied his execution upon the house as personal property, and bought it at the sheriff's sale, and now claims title under this purchase; and that after the levy and sale the plaintiff called upon the defendant and demanded of him the house, which was then occupied by the defendant and his family, and the defendant refused to give up the same. There was no evidence that the mortgagee either consented or objected to the removal of the house from the land, by either party.

The defendant asked the court to rule, amongst other things, " that the mortgage made the house a part of the realty, and the

defendant himself could not remove or prevent the removal of it, and was not liable for a conversion of it by refusing, under the evidence; that there was no legal and sufficient evidence that the defendant could remove the house himself, and, if he could not, then the plaintiff could not, and there was no conversion ; that if the house was a part of the realty as to the mortgagee, and he did not consent to the removal, the defendant could not be liable for a conversion under the evidence."

The judge declined specifically so to rule, but did instruct the jury as follows :

" If a house is built on another's land with his consent, and with an understanding that it shall be the property of the builder, then it is the personal property of the builder, and it follows that it can be attached by his creditors as his personal property. If such an agreement was made, the house was the property of Connor, and not of Riddle. And this would not be affected by the fact that a mortgage was made after the agreement. But if the parties make such an agreement, they may annul it or change it at any time before other parties have acquired rights in the property. If, therefore, Riddle agreed that the house should continue to be the property of Connor, yet if, before the attachment of January 19, 1860, Riddle and Connor, by an actual *bona fide* agreement, without any fraudulent intention, agreed for good consideration that the house should become the property of Riddle, then it is real estate and belongs to Riddle, and the verdict must be for the defendant. But if that transaction was not a *bona fide* transaction, if it was only the form of a sale, if the parties did not intend to pass title, but only to deceive the creditors of Connor, then the agreement would not be annulled, and the verdict must be for the plaintiff, if the jury find that there was originally an agreement by Riddle that the house should belong to Connor. In order to find for the plaintiff, the jury must be satisfied that the sale was a sham, or that it was in fraud of creditors. If it was an actual and not a fraudulent transaction, the jury would find for the defendant."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. L. Burt*, for the defendant, cited *King* v *Johnson*, 7 Gray, 239 ; *First Parish in Sudbury* v. *Jones*, 8 Cush. 189 ; *Eastman* v *Foster*, 8 Met. 26 ; *Butler* v. *Page*, 7 Met. 40 ; *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306 ; *Peirce* v. *Goddard*, 22 Pick. 559 ; *Washburn* v. *Sproat*, 16 Mass. 449.

*W. Gaston & J. W. May*, for the plaintiff, cited *Ashmun* v. *Williams*, 8 Pick. 402 ; *Doty* v. *Gorham*, 5 Pick. 487 ; *Wells* v. *Banister*, 4 Mass. 514 ; *Osgood* v. *Howard*, 6 Greenl. 452 ; *Russell* v. *Richards*, 1 Fairf. 429 ; *Harris* v. *Gillingham*, 6 N. H. 11 ; *Aldrich* v. *Parsons*, Ib. 555.

CHAPMAN, J. It has been decided by this court in several cases that, if a man builds a house on land which is not his own, by consent of the owner, the house is personal property. *Wells* v. *Banister*, 4 Mass. 514. *Doty* v. *Gorham*, 5 Pick. 487. *Ashmun* v. *Williams*, 8 Pick. 402. *First Parish in Sudbury* v. *Jones*, 8 Cush. 190. *Belding* v. *Cushing*, 1 Gray, 578. It remains separate from the freehold by virtue of the agreement between the parties. As the agreement relates to personal property, it may be made by parol.

Assuming, then, that the dwelling-house in question was personal property when it was first erected, the defendant contends that it did not remain so, because Connor, the owner, authorized the defendant by parol to mortgage it to Williams with the land, to secure money which Williams had advanced to Connor towards building it ; and because a mortgage was made in pursuance of this agreement.

There is no reason why a parol agreement of Connor to this effect should not be equally valid with a verbal agreement that he should have the house as personal property. The effect of it would be to affix the house to the land and make it a part of the realty, so far as the mortgage was concerned, and Williams would hold it accordingly.

To this the plaintiff replies that the defendant is a stranger to the title of Williams ; that Williams is not a party to this suit, and may never set up his title, and the defendant cannot set it up in his behalf. If it were true that the defendant had no connection with the title of Williams, it would follow that

he could not set it up in defence of this suit. But the mortgage was made by the defendant, and contains covenants of warranty, so that the defendant is bound to Williams to defend his title, and he has given his own note for the amount due to Williams. He cannot, therefore, be regarded as a stranger to the title, and may avail himself of it. The jury should have been instructed that if they were satisfied, upon the evidence in the case, that Connor agreed that the defendant might make the mortgage to Williams and that the house should be included in the mortgage and pass by it with the land, the house would by virtue of such agreement pass with the land, as a part of the realty, and the defendant might in this action avail himself of the agreement.

We have regarded the fraudulent sale of the house by Connor to Riddle as an immaterial fact. It would pass no title to Riddle as against Connor's creditors; but on the other hand it would not prevent the house from passing to Williams by the mortgage. The two transactions were independent of each other.

*Exceptions sustained.*