MONMOUTH PARK ASSOCIATION, PLAINTIFF IN ERROR, v. WILLIAM E. WARREN, DEFENDANT IN ERROR.

1. Plaintiff in error demurred to a replication, the substantial ground of demurrer being that the replication was a departure in pleading. The court struck out the demurrer as irregular and defective. Thereupon plaintiff in error filed a rejoinder to the replication and the cause went to trial. *Held*, that it is unnecessary to determine whether the order striking out the demurrer was erroneous or not, because the real

questions in controversy between the parties were actually put at issue, tried and determined, and the order, if erroneous, did no injury.

2. A contract for doing work in grading, &c., by a specified time did not fix the amount of work to be done except by reference to the accompanying drawing and specifications. The drawing and specifications actually annexed to the contract did not fix the amount of such work. A paper writing which was prepared by the agent of one party and furnished to the other party to estimate and bid thereon, and upon which he made his proposals, which were accepted and the contract made, and which specified, within limits, the amount of such work, was admitted in evidence. *Held*, it was properly admitted as an accompanying specification.

3. When, in a cause tried before a court without jury, a motion to non-suit for failure of proof is made and refused, error assigned on such refusal will only draw into review whether on the whole case there was evidence sufficient to support the finding for plaintiff.

4. The contract required the work to be done to the satisfaction and acceptance of defendant. The cause was tried on the theory that actual acceptance must be proved. The court found acceptance by defendant's engineer, and held that by a true construction of the contract his acceptance was that of defendant. It also found an actual acceptance by defendant by implication from the acts of its officers and agents other than the engineer. Upon exception raising the question of error as to the construction of the contract—*Held*, that if there was error in the ruling, it would not justify reversal, since the required acceptance was found by the court on other evidence not affected by such error and which was sufficient to support such finding.

5. The contract provided that ten per cent. should be retained from the engineer's estimates, which was to be forfeited if the work was not completed at the time and in the manner agreed on, and should be liquidated damages for the non-performance of any of the plaintiff's undertakings contained in the contract. Some of such undertakings were of comparatively unimportant and trivial character. *Held*, that the contract was properly construed not to make the retained sums liquidated damages.

On error to the Supreme Court.

The record discloses the following facts:

The action was brought in the Monmouth Common Pleas by William E. Warren against the Monmouth Park Association. Besides the common counts, the declaration contained a count founded on a contract between the parties, whereby Warren agreed to do certain work in grading, &c., for the

association, which agreed to pay therefor a specified price, and averring performance and non-payment.    *Oyer* of the contract being craved, the association pleaded several pleas, to which Warren replied.    The association demurred to one of the replications, and the court, on motion, ordered the demurrer stricken out as irregular and defective.    The order was entered on the record.    Thereupon the association filed a rejoinder to the replication which had been demurred to, and all the issues, being of fact, were tried before the court without a jury.    The finding was in favor of Warren, and judgment thereon was entered.

The judgment was removed to the Supreme Court by writ of error, and was there affirmed.

For the plaintiff in error, *William H. Vredenburgh* and *William T. Hoffman.*

For the defendant in error, *Henry M. Nevius.*

The opinion of the court was delivered by

MAGIE, J.    Plaintiff in error first contends that there was error in the order of the Common Pleas striking out its demurrer to the replication as irregular and defective.

By section 132 of the Practice act, power to strike out any pleading which is irregular or defective or is so framed as to prejudice, embarrass or delay a fair trial of the action, is conferred on any court, and it is expressly provided that, if required by the party whose pleading has been struck out, the order striking out shall be put on the record and error may be assigned thereon.    The order in this case appears on the record, and is the subject of one of the assignments of error.

Many perplexing questions as to the scope and extent of this legislation suggest themselves, but I do not think we are called upon to resolve them now, or even to determine in this case whether the order attacked was erroneously made.    For if that be assumed, it is obvious that the error has occasioned no injury to plaintiff in error, and for such an error there

should be no reversal. *Humphreys* v. *Woodstown,* 19 *Vroom* 588 ; *Freeman* v. *Bartlett,* 18 *Id.* 33.

The substantial objection to the replication was on the ground that it was a departure from the declaration and set up another contract than that declared on. Had the declaration contained a count founded on the contract supposed to be set up in the replication, the association could have presented its defence thereto by appropriate plea or pleas. When its demurrer was struck out it proceeded to present its defence to the claim of the replication by a rejoinder. Such defence was so presented with the same effect as if it had been presented by plea to a declaration setting out the same claim. Issue was joined thereon, and from the case before us it clearly appears that the real question between the parties has been tried and determined. The error, if it was error, did not prevent the association from presenting its defence both by pleading and proof.

If the replication was a departure, the Court of Common Pleas might have permitted such amendment of the pleadings as was necessary to bring about the trial of the real question in controversy between the parties, and it would have been its duty to do so. As that question has in fact been fully tried, this court could and ought to make such amendment if necessary. *American Life Insurance Co.* v. *Day,* 10 *Vroom* 89 ; *Blackford* v. *Plainfield Gas, &c., Co.,* 14 *Id.* 438 ; *Ware* v. *Millville Mutual Co.,* 16 *Id.* 177 ; *Finegan* v. *Moore,* 17 *Id.* 602.

There should be no reversal on this ground.

It is next urged that the Common Pleas erred in admitting in evidence a paper containing an approximate statement of the amount of cubic yards of earth to be moved and the distance of haul, thus : "From 250,000 to 300,000 cu. yds. Average haul 782 feet. Longest haul 1700 ft."

It appears by the bills of exceptions that this paper was made out by Latourette, an employe of the association, who afterward became, as the Common Pleas found, its engineer in charge of this work. The paper was furnished to Warren

to make his estimate, and he bid thereon. His bid was accepted and the contract made.

By the contract Warren bound himself to complete by a specified day certain work, the amount of which was not therein fixed except by reference to accompanying drawing and specifications. The drawing and specifications actually annexed to the contract did not, however, fix the amount of work to be done. This paper alone, within the limits named therein, specified the amount of work Warren was to do by the contract. It was rightly admitted in evidence by the court and found to be an accompanying specification to the contract.

In this there was no error.

It is next argued that there was error in the refusal to non-suit the plaintiff below. The motion to nonsuit was made on the ground that his case did not establish his right to recover on the contract.

After the nonsuit was refused, plaintiff in error proceeded to put in its evidence. All the evidence has been included in the bills of exceptions and must be considered upon this assignment of error. *May* v. *North Hudson County Railway Co.*, 20 *Vroom* 445; *Hibernia Mutual Insurance Co.* v. *Meyer*, 10 *Id.* 482; *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey*, 8 *Id.* 526.

It would be a sufficient answer to this objection to say that an examination of the case as it stood when the plaintiff below rested, satisfactorily shows that there was evidence of his right to recover sufficient to go to a jury.

But the case was not tried before a jury, but by the court, and it has found, upon the whole evidence, that plaintiff below was entitled to recover. It is entirely settled that, in reviewing a case so tried, the appellate court is confined to errors of law and will not consider the weight or force of evidence, if there be evidence to support the finding. *Blackford* v. *Plainfield Gas Co.*, 14 *Vroom* 438.

Upon each of the points necessary to be made out by plaintiff below to establish his right to recover, the case un-

questionably discloses evidence sufficient to justify the finding, unless ·plaintiff in error can successfully maintain the assignment to which his argument was next addressed.

That assignment is aimed at an alleged error in the construction given to the contract by the Common Pleas. ·

By its terms, the work was to be done by Warren to the satisfaction and acceptance of the association. The case was tried upon the theory that it was necessary for Warren to establish an actual acceptance of the work by the association. The error charged is that the court construed the contract as constituting the engineer of the association its agent to accept the work, so that his acceptance would be the acceptance of the association.

On turning to the findings, it is seen that the Common Pleas found not only an express acceptance of the work by the engineer of the association, but also that the actual acceptance thereof by the association was implied from the acts and conduct of its officers and agents other than its engineer.

Had the cause been tried before a jury, and had the court laid before the jury the proof of facts from which an acceptance of the work by the association might be inferred or implied, and also proof of such acceptance by the engineer, and then charged that, under the contract, his acceptance was the acceptance of the association, such charge, if erroneous, would require reversal, for it would be impossible to say that a verdict finding acceptance was not affected by the error as it might be. *Lindley* v. *O'Reilly,* 17 *Vroom* 352.

But the court trying the case found that there was an implied acceptance of the work by the association. There was evidence to support that finding, and it cannot be attacked. Under such circumstances, it would be idle to consider whether there was error in the construction of the contract in the respect complained of, for, assuming such error, acceptance was otherwise proved and found.

There should be no reversal on this ground.

It is further strongly urged that the Common Pleas erred in its construction of the contract in another respect.

By its terms, payments were to be made to Warren upon estimates of the engineer of the amount of work done from time to time, and plaintiff in error was to retain, at each time, ten per cent. of the amount to which Warren would be entitled according to the estimate. The contract provided for the sums so retained, as follows: "Which ten per cent. is to be forfeited by the party of the first part [Warren] to the party of the second part [the association], in case the work is not fully completed by the time and in the manner herein provided for, and which is mutually agreed upon as liquidated damages for the non-performance by the party of the first part [Warren] of any of the undertakings on his part herein contained."

The contention below was that Warren had failed to complete the work at the time fixed by the contract, and that, in consequence, the sums retained by the association became its property as liquidated damages for Warren's default. The Common Pleas held that, by the true construction of the contract, the sums retained were not liquidated damages, but rather a penalty, which the association might hold only to the extent of the actual damage proved.

The rules of construction applicable to contracts of this sort have been recently laid down in this court with such fullness and precision as to render it quite unnecessary to repeat them. *Monmouth Park Association* v. *Wallis Iron Works, ante p.* 132.

Applying those rules to this contract, I think there is no doubt that the construction given below was correct.

The parties agreed that, for non-completion of the work at the time and in the manner specified, the retained ten per cent. was to be "forfeited;" but they also agreed that the same money should be "liquidated damages" for the non-performance of any of Warren's undertakings contained in the contract. The whole clause must be construed together, and the intent of the parties must be ascertained therefrom and from a consideration of the scope of their bargain and the subject to which it relates. An examination of the contract

shows several undertakings on the part of Warren of a comparatively unimportant and trivial character. Damages for the breach of any one of them must necessarily vary widely from damages sustained by the breach of the contract to perform the work, which was its main purpose. Under such circumstances, the parties must have intended the sums retained as a penalty, to be forfeited only on proof of and to the extent of actual damages.

There was no error in this ruling.

Other assignments of error relate to questions of fact, which, for reasons before given, are not drawn into review, and to questions of the admissibility of evidence, in respect to which no error is perceived.

The judgment under review must be affirmed.

*For affirmance* — THE CHANCELLOR, ABBETT, DIXON, LIPPINCOTT, MAGIE, REED, BROWN, CLEMENT, KRUEGER, SMITH. 10.

*For reversal*—None.