CHARLES S. KING, TRUSTEE, PLAINTIFF IN ERROR, v. ARTEMESIA MORRIS, DEFENDANT IN ERROR.

Argued March 7, 1907—Decided November 18, 1907.

1. Where an exception to an order striking out a pleading as irregular is entered upon the record, in accordance with section 110 of the Practice act (*Pamph. L.* 1903, *p.* 569), and the defeated party files a new pleading, he thereby waives the error.

2. When a person placed a frame factory upon the land of another, with the landowner's license, with no agreement respecting the subsequent ownership of the factory, the presumption is that the building remains the property of the party annexing it, and is removable by him.

On error to the Supreme Court, whose opinion is reported in 44 *Vroom* 279.

For the plaintiff in error, *Wilson, Curr & Stackhouse.*

For the defendant in error, *G. Doré Cogswell* and *George M. Bacon.*

The opinion of the court was delivered by

REED, J.   This action was brought by Charles S. King, as trustee in bankruptcy for Justice C. Paschall, the bankrupt, to recover damages from Artemesia Morris for the taking of a frame factory building and the machinery and fixtures therein, alleged to have been the property of the said bankrupt.

The declaration, as amended, contained a count in replevin and also a count in trover. The defendant demurred to the declaration upon the ground that these two counts were misjoined.

The plaintiff afterwards gave notice of a motion to strike out this demurrer as irregular, and so framed as to prejudice, embarrass and delay a fair trial.

The Circuit Court ordered the demurrer to be struck out, but upon the ground that it was frivolous. The defendant excepted. The order was entered upon the record, and error

was assigned in accordance with the provisions of section 110 of the Practice act. *Pamph. L.* 1903, *p.* 569.

The Supreme Court properly held that this order striking out the demurrer was erroneous, as there was a clear misjoinder in coupling a count in replevin with a count in trover. The order, as already observed, struck out the demurrer as frivolous, and not upon the ground that it was irregular or defective. From such an order no writ of error lies. *Brown* v. *Warden,* 15 *Vroom* 177, 179; *Mershon* v. *Castree,* 28 *Id.* 484.

It appears that the plaintiff afterward abandoned the count for replevin and the defendant pleaded over, and the parties proceeded to the trial in which this judgment is entered.

In *Monmouth Park Association* v. *Warren,* 26 *Vroom* 598, a demurrer to a replevin was struck out, not as frivolous, but as irregular and defective. Afterward the defendant filed a rejoinder and the parties went to trial. On a writ of error bringing up the judgment, Mr. Justice Magie, speaking for the Court of Errors, after alluding to the perplexing questions which arise from the statutory provisions now contained in sections 110 and 111 of the Practice act of 1903, held that, as there was no injury resulting from the order striking out the demurrer, the court could not reverse, even if the order appeared to be erroneous.

In the present case the cause was tried exactly as if the declaration contained a single count for trover. The striking out of the demurrer, which demurrer was grounded entirely upon the misjoinder of this count with another, could in no way result in an injury to the defendant.

If, therefore, the assignment of error were cognizable, there would be no reversal of the final judgment, although the order to strike out may have been erroneous.

But we are further of the opinion that when, after such an order shall have been entered upon the record, the unsuccessful pleader proceeds to plead over, he waives the former plea or demurrer so stricken out, and consequently all orders concerning it disappear with it from the record.

The rule at common law was settled that upon the over-

ruling of a demurrer, if the demurrant pleaded over he waived his demurrer, and on error, after final judgment, the demurrer would not appear upon the record. *Delaware, Lackawanna and Western Railroad Co.* v. *Salmon,* 10 *Vroom* 299.

Section 110 of the present Practice act, which confers a right to attack the pleadings for irregularity or defectiveness, by a motion to strike out instead of by demurrer, was designed to put the parties upon the same footing, upon a motion to strike out, as they had always stood when a pleading was called in question by a demurrer or by a joinder in demurrer. By giving the party whose pleading was struck out the right to assign errors upon the order for striking it out, it put him in the same posture as if his pleading had been adjudged bad on demurrer, or, in case his pleading was a demurrer, had been held bad upon a joinder in demurrer. In either case, if judgment finally was entered upon the pleadings thus mutilated, without further pleadings, a writ of error would lie, but if the party whose pleading had been overruled or struck out chose, under leave given, to substitute other pleas, he waived the former plea or demurrer, and it disappeared from the record.

We therefore are of the opinion that the error assigned upon the order of the court striking out the demurrer cannot be considered.

This leaves for consideration the assigned errors directed at the proceedings upon the trial.

The subject of the action was a frame factory building situated upon ground owned by the defendant in common with others. This structure, placed upon a concrete foundation without a cellar, was erected by Mr. Paschall, the bankrupt, some time in 1901, and the machinery in question was afterwards placed by him in it. Mrs. Morris, the defendant, is the mother-in-law of Mr. Paschall, and lives in his family. In telling how he came to place this structure upon the land of his mother-in-law he said that he asked and received her permission to put the building upon her ground, and that he had never paid rent for it. He also said that the understanding was that just as soon as the building was finished it was to

be turned over to Mrs. Morris. He also said she was to have the machinery and fixtures.

Mrs. Morris was not a witness, but her testimony, previously taken before a referee in bankruptcy, was introduced by the plaintiff as admissions by her as defendant. In her testimony she said that Mr. Paschall merely asked her permission to erect a factory building upon her ground, and she told him, "Yes; that was the best thing he could do." She says he did not agree to pay her any rent, and she did think she was the owner of the factory because she was the owner of the land.

The trial judge charged the jury that "if from the testimony you believe that the building and machinery were put upon this land in pursuance of an agreement between Mrs. Morris and Mr. Paschall, by which the building and machinery were to become her property, your verdict should be for the defendant. If you believe * * * that the building and machinery were placed there by Mr. Paschall to remain his own personal property, and it was understood that he should have the right to remove them, then you would be justified in finding that they were personalty and the property of Mr. Paschall, and the plaintiff would be entitled to a verdict." The jury found a verdict for the trustee in bankruptcy, the plaintiff.

In the third request proferred by the counsel for the defendant the court was requested to charge that *prima facie* all buildings, and especially dwelling-houses, belonged to the owner of the land on which they stand as part of the realty, and the burden of proof is upon those who claim that they are personal property to show that they retain that character. This request was refused.

The court, in the body of the charge, had given, as a test to determine the ownership of this property, the following, namely, whether there was an agreement when the property was placed upon the premises that it should belong to the former or to the latter. This left the jury, in case it failed to find any agreement whatever respecting the ownership of the property, without legal direction, and the third request

was designed to have the jury informed that in the absence
of any agreement the inference would be that the building
belonged to the owner of the land upon which it was standing.

The maxim respecting the ownership of structures placed
upon land is *quicquid plantatur solo solo cedit. Broom Max.*
354 (*marg.*). But the maxim that whatever is placed upon
the land belongs to the land is subject to numerous excep-
tions. One of the most conspicuous modifications of this rule
is exhibited in the instance of fixtures put upon property by
a tenant. Had Paschall been a tenant of Mrs. Morris, and as
such had placed the structure in question upon her ground, it,
from its character and use, would have been removable before
or at the end of his term. Paschall was not a tenant, but it
conclusively appears that he entered, erected and maintained
this factory by the permission of Mrs. Morris. The query is
presented whether, as a licensee of Mrs. Morris, the presump-
tion would arise, without proof of any agreement, that a right
to remove the factory existed, and so the factory retained its
character of personalty.

The doctrine that a structure, however costly, if placed
upon the land of another by permission, which permission
may be recalled at any time, becomes, in the absence of spe-
cific agreement, irrevocably attached to the land upon which
it is placed, is manifestly opposed to the intention implied in
the very transaction. The inference springing out of such a
license is that the land used is to be left as found, and the
property so placed thereon shall remain the property of the
user, and be removable as such.

This was the view entertained by Mr. Justice Dixon in the
case of *Pope* v. *Skinkle,* 16 *Vroom* 39. The rule is supported
by an abundance of authority elsewhere. *Howard* v. *Fessen-
den,* 14 *Allen* 124; *Wells* v. *Bannister,* 4 *Mass.* 514; *Dubois* v.
*Kelly,* 10 *Barb.* (*N. Y.*) 496; *Curtiss* v. *Hoyt,* 19 *Conn.* 154;
*Fischer* v. *Johnson,* 106 *Iowa* 181; *Brown* v. *Baldwin,* 121
*Mo.* 126; *Northwestern Mutual Life Insurance Co.* v. *George,*
77 *Minn.* 319.

In the present case, therefore, the fact which conclusively
appears, namely, that the factory was put upon the land of

the defendant by her permission, created a situation which rendered the third request entirely irrelevant. In view of the facts as they existed, the trial judge properly covered the point in question by charging the second request of the plaintiff. He charged that where there was no other circumstance, and merely an erection, with the permission of the landowner, of a factory building of the character of the one involved in this suit, the more reasonable inference is that the builder had designed not to part with his property, and the landowner had consented to that understanding.

This charge was certainly sufficiently favorable to the defendant.

The only other error assigned which seems of sufficient substance to require express mention is that there was no sufficient proof of demand and refusal to lay a foundation for this action of trover.

It appears, however, from the testimony of Mrs. Morris taken before the referee in bankruptcy before the commencement of this action, that she then resisted the claim of the trustee to the property on the ground that the property was hers.

The judgment of the Supreme Court reversing the judgment of the Circuit Court should itself be reversed, and the judgment of the Circuit Court should be affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, HENDRICKSON, PITNEY, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 12.